# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>ANITA GRIFFIN, et al.,<br><br>Defendants. | Case No. 1:18-cv-01619-LJO-SAB<br><br>ORDER REQUIRING DEFENDANTS ANITA GRIFFIN AND GREG GRIFFIN TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>FIVE DAY DEADLINE |

Peter Strojnik, Sr. ("Plaintiff"), proceeding pro se in this action, filed a complaint against Anita Griffin and Greg Griffin (collectively "Defendants") alleging violations of the Americans With Disabilities Act ("ADA") and California law. (ECF No. 1.) On November 27, 2018, the mandatory scheduling conference order issued. (ECF No. 3.) On January 4, 2019, Defendants, also proceeding pro se, filed an answer to the complaint. (ECF No. 9.)

On February 25, 2019, an order issued requiring the parties to show cause for the failure to file a joint scheduling statement as required by the November 27, 2018 scheduling conference order. (ECF No. 10.) On March 7, 2019, Defendants filed a response that was stricken from the record for being unsigned and unresponsive to the order to show cause. (ECF Nos. 11, 13.) On March 12, 2019, Plaintiff filed a response to the order to show cause. (ECF No. 12.) On March 13, 2019, an order issued discharging the order to show cause and continuing the scheduling

conference.  (ECF No. 13.)  The order required the parties to meet and confer regarding the joint statement and Defendants were ordered to respond to Plaintiff's proposed joint statement.  (Id.) On April 18, 2019, Plaintiff filed a notice of inability to file a joint statement and a request for entry of default judgment.  (ECF No. 14.)  Plaintiff asserted that Defendants failed to comply with the March 13, 2019 order or contact Plaintiff and requested that the scheduling conference be vacated and default be entered against Defendants.  (Id.)  The Court declined to do so at the time.  The mandatory scheduling conference was continued to May 17, 2019 and Defendants were ordered to personally appear at the mandatory scheduling conference.  (Id.)  Defendants were advised that the failure to personally appear at the scheduling conference would result in the recommendation that their answer be stricken from the record and default be entered.  (Id.)

The mandatory scheduling conference was held on May 17, 2019.  Plaintiff appeared telephonically.  There was no appearance by Defendants.

The Federal Rules of Civil Procedure provides that the underlying purpose of the Rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose the Rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has inherent power to sanction parties or their attorneys for improper conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Here, the mandatory scheduling report required that the parties meet and confer and provide a joint scheduling report seven days prior to the mandatory scheduling conference. (ECF No. 3 at 2.)  The parties were required to conduct and conclude the conference at least 20 days prior to the scheduling conference.  (Id. at 3.)  Plaintiff provided Defendants with a proposed joint report, and Defendants did not respond to Plaintiff's request regarding the joint

1  report.  The parties did not file a joint scheduling report as required by the mandatory scheduling
2  conference order, so an order to show cause issued.  (ECF No. 10.)  Defendants' response to the
3  order to show cause was unsigned and was unresponsive to the order to show cause, addressing
4  their financial difficulties in attempting to comply with the ADA.  (ECF Nos. 11, 13.)

In the order discharging the order to show cause, the parties were admonished that they are to comply with all orders of this Court and the failure to do so may result in dispositive sanctions.  Defendants were ordered to respond to Plaintiff's joint report on or before March 25, 2019, and that the failure to respond to Plaintiff may result in the entry of default and judgment in favor of Plaintiff in this action.  (ECF No. 13 at 3.)  Defendants did not respond to Plaintiff's joint report as required by the March 13, 2019 order.  Defendants have failed to comply with the Court's two orders that they meet and confer with Plaintiff to provide a joint scheduling report for the mandatory scheduling conference.

Finally, Defendants were ordered to personally appear at the May 17, 2019 mandatory scheduling conference and failed to appear or otherwise respond to the April 22, 2019 order.

Based on the foregoing, IT IS HEREBY ORDERED that within **five (5) days** of the date of service of this order, Defendants Anita Griffin and Greg Griffin shall show cause in a **signed** writing why monetary sanctions should not be imposed for the failure to comply with this Court's orders.

IT IS SO ORDERED.

Dated:   **May 19, 2019**

UNITED STATES MAGISTRATE JUDGE

3