# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANITA GRIFFIN, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01619-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING STRIKING ANSWER TO COMPLAINT AS SANCTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND ENTERING DEFAULT AGAINST DEFENDANTS<br><br>(ECF Nos. 18, 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## PROCEDURAL HISTORY

Peter Strojnik, Sr. ("Plaintiff"), proceeding pro se in this action, filed a complaint against Anita Griffin and Greg Griffin (collectively "Defendants") alleging violations of the Americans With Disabilities Act ("ADA") and California law. (ECF No. 1.) On November 27, 2018, the mandatory scheduling conference order issued. (ECF No. 3.) On January 4, 2019, Defendants, also proceeding pro se, filed an answer to the complaint. (ECF No. 9.)

On February 25, 2019, an order issued requiring the parties to show cause for the failure to file a joint scheduling statement as required by the November 27, 2018 scheduling conference order. (ECF No. 10.) On March 7, 2019, Defendants filed a response that was stricken from the

1

record for being unsigned and unresponsive to the order to show cause. (ECF Nos. 11, 13.) On March 12, 2019, Plaintiff filed a response to the order to show cause. (ECF No. 12.) On March 13, 2019, an order issued discharging the order to show cause and continuing the scheduling conference. (ECF No. 13.) The order required the parties to meet and confer regarding the joint statement and Defendants were ordered to respond to Plaintiff's proposed joint statement. (Id.) On April 18, 2019, Plaintiff filed a notice of inability to file a joint statement and a request for entry of default judgment. (ECF No. 14.) Plaintiff asserted that Defendants failed to comply with the March 13, 2019 order or contact Plaintiff and requested that the scheduling conference be vacated and default be entered against Defendants. (Id.) The Court declined to do so at the time. The mandatory scheduling conference was continued to May 17, 2019 and Defendants were ordered to personally appear at the mandatory scheduling conference. (Id.) Defendants were advised that the failure to personally appear at the scheduling conference would result in the recommendation that their answer be stricken from the record and default be entered. (Id.)

The mandatory scheduling conference was held on May 17, 2019. Plaintiff appeared telephonically. There was no appearance by Defendants.

On May 20, 2019, an order issued requiring Defendants to show cause why sanctions should not issue for the failure to appear at the scheduling conference. Defendants filed a response to the order to show cause on May 23, 2019. (ECF No. 19.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the Rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the Rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The Court has the inherent power to dismiss an action when a party has "engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting). Because dismissal is such a harsh penalty, it should only be used in extreme circumstances. Wyle, 709 F.2d at 589.

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994).

## III.

## ANALYSIS

### A. Factual Basis for Sanction

Here, the mandatory scheduling report required that the parties meet and confer and provide a joint scheduling report seven days prior to the mandatory scheduling conference. (ECF No. 3 at 2.) The parties were required to conduct and conclude the conference at least 20 days prior to the scheduling conference. (Id. at 3.) Plaintiff provided Defendants with a proposed joint report, and Defendants did not respond to Plaintiff's request regarding the joint report. The parties did not file a joint scheduling report as required by the mandatory scheduling conference order, so an order to show cause issued. (ECF No. 10.) Defendants' response to the order to show cause was unsigned and was unresponsive to the order to show cause, addressing their financial difficulties in attempting to comply with the ADA. (ECF Nos. 11, 13.)

In the order discharging the order to show cause, the parties were admonished that they are to comply with all orders of this Court and the failure to do so may result in dispositive

1 sanctions. (ECF No. 13 at 3.) Defendants were ordered to respond to Plaintiff's joint report on or before March 25, 2019, and that the failure to respond to Plaintiff may result in the entry of default and judgment in favor of Plaintiff in this action. (Id.) Defendants did not respond to Plaintiff's joint report as required by the March 13, 2019 order. Defendants have failed to comply with the Court's two orders that they meet and confer with Plaintiff to provide a joint scheduling report for the mandatory scheduling conference.

Additionally, Defendants were ordered to personally appear at the May 17, 2019 mandatory scheduling conference and failed to appear or otherwise respond to the April 22, 2019 order. In response to the order to show cause Defendants state that they were forced to sell property they owned in Penn Valley, California and were busy taking care of details of the sale and moving and could not make the court date. (ECF No. 19.) Defendants further state that they do not feel the need to comply with Plaintiff's wishes and complaints because he is suing as a citizen and no citizen can sue for monetary gain in an ADA action. (Id.)

Defendants have received notice of this action and the mandatory scheduling conference as they have responded to the complaint and the order to show cause. They were aware of the order that they personally appear at the scheduling conference and chose not to appear because they had other business that they were attending to.

Defendants have been served with the orders issued in this action and the Court finds that the failure to comply with Court orders is willful.

### B. Legal Basis for Default Sanction

In considering the availability of sanctions, the Court determines that it would be futile to impose monetary sanctions in this instance. First, Defendants complete failure to respond to the Court's previous orders demonstrates that they will not comply with an order to pay monetary sanctions. Further, in their response to the order to show cause, Defendants set forth their financial difficulties and indicated that they are on the brink of foreclosure. Finally, it is clear to this Court that Defendants have no intention of participating in this action and that issuing further orders, including monetary sanctions, to induce their compliance would be futile.

///

The Ninth Circuit has set forth five factors for the district court to consider in determining whether to dismiss an action or declare default. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). The factors to be considered are " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Adriana Int'l Corp., 913 F.2d at 141; accord Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Defendants have been ordered to participate in filing a joint scheduling report and attend the mandatory scheduling conference and have willfully failed to do so. The Court has provided Defendants with ample opportunity to comply with the order's issued and Defendants refusal to comply with the Court's orders hinders the Court's ability to move this action towards disposition, and indicates that Defendants do not intend to diligently defend this action.

Since it appears that Defendants do not intend to diligently defend this action there arises a rebuttable presumption of prejudice to Plaintiff in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Plaintiff has brought this action and has attempted to confer with Defendants on a schedule to litigate the action. Defendants have been ordered to meet and confer with Plaintiff and to personally appear at the scheduling conference. Defendants have refused to comply with the Court's orders. Defendants refusal to comply with the Court's orders precludes Plaintiff's ability to prosecute this action. The risk of prejudice to Plaintiff weighs in favor of entry of default.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. Defendants have been served with notice of this action and it is

their responsibility to diligently defend the action. Defendants' conduct has demonstrated that they do not intend to comply with the orders issued by the Court to move this action forward, and the action cannot simply remain idle on the Court's docket. In this instance, the fourth factor does not outweigh Defendants' failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in default satisfies the "consideration of alternatives" requirement. Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's mandatory scheduling order, order to show cause, and order requiring Defendants to personally appear for the May 17, 2019 scheduling conference all warned Defendants that sanctions, including dispositive sanctions, could be imposed for the failure to comply with the Court's orders. Thus, Defendants have been provided with adequate warning that default would result from their noncompliance with the Court's order and the failure to participate in the joint report and mandatory scheduling conference.

Accordingly, the Court finds that dispositive sanctions are appropriate to address Defendants' refusal to comply with this Court's orders and it is recommended that the answer be stricken from the record and default be entered against Defendants.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants Anita Griffin and Greg Griffin's answer to the complaint, filed January 4, 2019, be STRICKEN FROM THE RECORD as a sanction for their failure to comply with orders of the Court; and
2. That the Clerk of the Court be DIRECTED to enter default against Defendants Anita Griffin and Greg Griffin.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 28, 2019**

UNITED STATES MAGISTRATE JUDGE