# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff, <br><br> v. <br><br> ANITA GRIFFIN, et al., <br><br> Defendants. | Case No. 1:18-cv-01619-LJO-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**PROCEDURAL HISTORY**

Peter Strojnik, Sr. ("Plaintiff"), proceeding *pro se* in this action, filed a complaint against Anita Griffin and Greg Griffin (collectively "Defendants") alleging violations of the Americans With Disabilities Act and California law. (ECF No. 1.) On November 27, 2018, the mandatory scheduling conference order issued. (ECF No. 3.) On January 4, 2019, Defendants, also proceeding *pro se*, filed an answer to the complaint. (ECF No. 9.)

On February 25, 2019, an order issued requiring the parties to show cause for the failure to file a joint scheduling statement as required by the November 27, 2018 scheduling conference order. (ECF No. 10.) On March 7, 2019, Defendants filed a response that was stricken from the record for being unsigned and unresponsive to the order to show cause. (ECF Nos. 11, 13.) On March 12, 2019, Plaintiff filed a response to the order to show cause. (ECF No. 12.) On March

13, 2019, an order issued discharging the order to show cause and continuing the scheduling conference. (ECF No. 13.) The order required the parties to meet and confer regarding the joint statement and Defendants were ordered to respond to Plaintiff's proposed joint statement. (Id.) On April 18, 2019, Plaintiff filed a notice of inability to file a joint statement and a request for entry of default judgment. (ECF No. 14.) Plaintiff asserted that Defendants failed to comply with the March 13, 2019 order or contact Plaintiff and requested that the scheduling conference be vacated and default be entered against Defendants. (Id.) The Court declined to do so at the time. The mandatory scheduling conference was continued to May 17, 2019, and Defendants were ordered to personally appear at the mandatory scheduling conference. (Id.)

The mandatory scheduling conference was held on May 17, 2019. Plaintiff appeared telephonically. There was no appearance by Defendants. On May 20, 2019, an order issued requiring Defendants to show cause why sanctions should not issue for the failure to appear at the scheduling conference. (ECF No. 18.) Defendants filed a response to the order to show cause on May 23, 2019. (ECF No. 19.) On May 28, 2019, findings and recommendations issued recommending striking Defendants' answer to the complaint as a sanction for their failure to comply with Court orders and enter default. (ECF No. 20.) On June 25, 2019, an order was entered adopting the findings and recommendations, Defendants' answer was stricken from the record, and default was entered. (ECF Nos. 21, 22.) The June 25, 2019 order required Plaintiff to file a motion for default judgment within sixty days. (ECF No. 21 at 2.)

Plaintiff did not file a motion for default judgment as ordered. On August 29, 2019, an order issued requiring Plaintiff to show cause within ten days why this action should not be dismissed for failure to comply and failure to prosecute. (ECF No. 23.) Plaintiff did not respond to the August 29, 2019 order.

## II.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file a motion for default judgment within sixty days of June 25, 2019. Plaintiff has neither filed a motion for default judgment nor otherwise responded to the Court's order. Plaintiff was also ordered to show cause why this action should not be dismissed for his failure to comply with court orders

within ten days of August 29, 2019. Again, Plaintiff failed to respond to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle indefinitely on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 29, 2019 order requiring Plaintiff to show cause specifically advised Plaintiff that "failure to file a response to this order will result in the recommendation that this action be dismissed." (ECF No. 23 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to file a motion for default judgment.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff has been ordered to file a motion for default judgment and to respond to an order to show cause and has failed to do either.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with court orders and for failure to prosecute.

4

1  These findings and recommendations are submitted to the district judge assigned to this
2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen
3 (14) days** of service of this recommendation, any party may file written objections to these
4 findings and recommendations with the Court and serve a copy on all parties.  Such a document
5 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
6 district judge will review the magistrate judge's findings and recommendations pursuant to 28
7 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified
8 time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153
9 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 11, 2019**

UNITED STATES MAGISTRATE JUDGE